IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARRIUS CORE,

      Plaintiff,

    v.

NATIONAL GENERAL INSURANCE
*et al.*,

      Defendants.

1:25CV939

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on *pro se* plaintiff Darrius Core's application to proceed *in forma pauperis*. *See* Docket Entry 1. For the reasons set forth below, Core's application is granted for the limited purpose of allowing the Court to consider a recommendation of dismissal for lack of subject matter jurisdiction and failure to state a claim.

### I.    BACKGROUND

Core has filed two complaints. Docket Entries 2, 5. The first complaint remains the operative one because Core did not seek the defendants' consent or the Court's permission to amend, and the time had passed for him to be able to amend on his own accord. *See* Fed. R. Civ. P. 15. However, this Recommendation considers both to conclude that retroactively granting leave to amend would be fruitless.

### A.  First Complaint

The first complaint names Philly Auto Inc., National General Insurance, and Lendbuzz Funding LLC as defendants. Docket Entry 2 at 2–3. It claims that Philly Auto Inc. and National General Insurance mishandled Core's personal information. *See* Docket Entry 2 at 4. The complaint specifies neither what information the defendants mishandled nor how they mishandled it, other than to accuse them of "allowing a third party under a data breach to obtain/retrieve [Core's] personal information without [Core] signing an opted-out [sic] notice." *Id.*

The first complaint also claims that National General Insurance "forc[ed]" Core into a fraudulent insurance contract despite Core already having insurance. *Id.* Core does not further explain what he

means by this. He alleges that Lendbuzz Funding LLC "also knew about this fraudulent contract by allowing [Core] to sign under an insurance company [even though Core was] already insured." *Id.*

Core states that the defendants violated the due process clause of the Fourteenth Amendment, "42 Pa.C.S. subsections 5525(8)," and "13 Pa.C.S. subsections 2725." *Id.* at 3. He claims "mental injury by knowing that [his] vehicle can be taken because of a fraudulent insurance contract" and "physical injury because [he] is working more hours so that [his] vehicle won't get taken because of higher rates to pay." *Id.* at 5. Core requests $1 million in damages per defendant. *Id.*

### B. Second Complaint

Core filed his second complaint on a form from the United States District Court for the Eastern District of Pennsylvania. Docket Entry 5 at 1. He names the same three defendants, plus Wells Fargo. *Id.* at 2.

The second complaint's description of the defendants' misconduct, in its entirety, is as follows:

> I (the plaintiff) was forced to pay extra on my insurance and warranty under the financing terms of the contract. I (the plaintiff) went into hardship paying on the vehicle by working extra on this fraudulent contract. I (the plaintiff) is receiving robo calls from National General et, al. and other (defendants) for not

responding to the contract that became violated. National General Insurance et, al, forced I (the plaintiff) to get rid of the [blank space] so that I could have a better credit record, while the other corporations (Lendbuzz Funding LLC, et, al.) and Philly Auto Inc., et, al., tasked to protect I (the plaintiff's) personal information.

*Id.* at 3.

Core again claims that the defendants violated the due process clause of the Fourteenth Amendment, but instead of claiming violations of Pennsylvania law, he now claims violations of "NC General Statute § 1-52(5)." *Id.* at 2. His claimed injuries and damages remain unchanged. *Id.* at 4.

### II. DISCUSSION

Jurisdiction "may (or, more precisely, must) be raised *sua sponte* by the court" if in doubt. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004); *accord. Mebane v. GKN Driveline N. Am., Inc.*, 499 F. Supp. 3d 220, 229 (M.D.N.C. 2020). Federal courts have original jurisdiction over cases involving a federal question or diversity. *See* 28 U.S.C. §§ 1331, 1332. Federal courts may also exercise supplemental jurisdiction over state law claims that are closely related to claims over which the court has original jurisdiction. *See* § 1367(a). But if a court dismisses the claims over which it has original jurisdiction, it may also dismiss the claims over

2

which it would have had supplemental jurisdiction. § 1367(c)(3).

Additionally, the Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.*, 550 U.S. 544, 555 (2007) (citation modified). A *pro se* plaintiff's complaint must be construed liberally in their favor. *See Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015).

Here, Core does not sufficiently allege diversity jurisdiction, and to the extent Core is alleging federal question jurisdiction, he fails to state a constitutional claim. Further, the state statutes Core cites provide no causes of action, and Core's factual allegations are too vague to state any claim. The Court should therefore dismiss this case.

### A. Core Has Not Sufficiently Alleged Diversity Jurisdiction.

Federal courts have diversity jurisdiction over civil claims that are (1) for more than $75,000, and (2) between citizens of different states. 28 U.S.C. § 1332(a)(1). For a suit to satisfy the second element, "no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs.*, LP, 972 F.3d 344, 352 (4th Cir. 2020).

Here, Core has sufficiently alleged neither element. Although Core claims far more than $75,000 in damages, he has alleged no facts that make such a high damages award plausible. *See* Docket Entry 2 at 5; Docket Entry 5 at 4. And Core lists a Pennsylvania address for both himself and Philly Auto Inc., Docket Entry 2 at 2; Docket Entry 5 at 1–2, effectively alleging that he shares citizenship with a defendant.

Accordingly, the Court has no jurisdiction over Core's suit by way of diversity.

### B. To the Extent Core Alleges Federal Question Jurisdiction, He Fails to State a Constitutional Claim.

Federal question jurisdiction exists for "all civil actions arising under" federal law. 28 U.S.C. § 1331. Thus, federal courts may hear claims brought under the United States Constitution and 42 U.S.C. § 1983. However, "the Due Process Clause protects individuals only from governmental and not from private action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *accord. Seals v. Carrington Mortg. Servs.*, LLC, 475 F. Supp. 3d 517, 521 (N.D.W. Va. 2020). Similarly, "Section 1983 does not regulate private conduct." *Caudill v. N. Carolina Symphony Soc'y, Inc.*, 750 F. Supp. 3d 531, 559 (E.D.N.C. 2024) (collecting cases).

Here, Core's sole federal claim is a due process violation. *See* Docket Entry 2

3

at 3; Docket Entry 5 at 2. But Core has named only private actors as defendants. *See* Docket Entry 2 at 2–3; Docket Entry 5 at 2. Core has therefore failed to state a due process claim against any of the defendants. And because Core's due process claim is the only one over which this Court has original jurisdiction, dismissal of Core's state law claims is also appropriate. *See* 28 U.S.C. § 1367(c)(3).

### C. The State Statutes Core Cites Provide No Causes of Action.

Core cites the following state statutes in his complaints: 42 Pa. Cons. Stat. § 5525, 13 Pa. Cons. Stat. § 2725, and N.C. Gen. Stat. § 1-52.

42 Pa. Cons. Stat. § 5525 lists contract actions that a plaintiff must bring within four years. 13 Pa. Cons. Stat. § 2725 is the statute of limitations for certain breach of contract actions. N.C. Gen. Stat. § 1-52 lists causes of action that a plaintiff must bring within three years.

None of these statutes provide a cause of action; Core has therefore failed to state a plausible claim under any of them.

### D. Core's Vague Factual Allegations Prevent Him from Stating Any Claim.

Core alleges that the defendants mishandled his personal information and forced him to sign a fraudulent contract, and that these acts were connected to him having to pay more for car insurance. *See* Docket Entry 2 at 4; Docket Entry 5 at 2. But Core has alleged nothing more. He provides no details on what personal information the defendants mishandled, what contract the defendants forced him to sign or how they did so, why the contract was fraudulent, or how any of this is connected to his car insurance payments. Core has therefore failed to state a plausible claim under any law, not just those he cited.

### III. CONCLUSION

It is **ORDERED** that Core's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider a recommendation of dismissal. It is **RECOMMENDED** that this case be dismissed for lack of subject matter jurisdiction and failure to state a claim.

JoAnna Gibson McFadden
United States Magistrate Judge

March 19, 2026
Durham, North Carolina